UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY BOWMAN

        Plaintiff,

v.

RONALD CODDINGTON, and
FLORIDA PIPELINING                         Case No.: 8:12-cv-1416-T-24 TBM
SOLUTIONS, LLC,

        Defendants.

_____/

## **ORDER**

This cause comes before the Court on a Motion to Dismiss and/or a Motion for Stay filed by Defendants Ronald Coddington and Florida Pipelining Solutions, LLC. (Dkt. 6.) Plaintiff Jeremy Bowman filed a response in opposition to the motion. (Dkt. 8.) For the reasons stated, the motion to dismiss is granted.

**I.    Background**

In this action, Plaintiff Bowman seeks a declaration that Defendant Florida Pipelining Solutions, LLC ("Pipelining") is a mere continuation or alter ego of US Sewer & Drain Florida, LLC ("USSD"), and that Bowman is a 50 per cent owner of Pipelining. Bowman alleges the following in the Complaint: In August of 2009, Bowman organized USSD, listing himself and Defendant Coddington as managing members of the company, each with a 50 per cent ownership interest in the company.

In June of 2011, Bowman and Coddington had a dispute concerning the ownership of USSD, and, as a result, Bowman filed suit in state court against Coddington and USSD.

In July of 2011, Coddington incorporated Pipelining. He now operates Pipelining out of the same location from which he operated USSD. He uses the same employees, equipment, telephone numbers, and website to operate Pipelining that he used to operate USSD. Furthermore, in operating Pipelining, Coddington supplies the same services to the same customers that USSD was supplying.

## II.     Discussion

Defendants Coddington and Pipelining move to dismiss this action on the grounds that, by filing this suit, Bowman has improperly split his causes of action by filing claims in both state and federal court against the same defendants that are based on the same facts and issues. Defendants assert that the claims alleged in this federal action should have been brought in the state court action. Additionally, they argue that Plaintiff's claims should be dismissed for failure to state a claim. Alternatively, they argue that this case should be stayed pending the outcome of the state court action.

Plaintiff Bowman responds that the rule against splitting causes of action does not apply because this case and the state court case involve different defendants. This case is against Defendants Coddington and Pipelining, while the state court case is against Defendants Coddington and USSD. Additionally, he contends that the two cases involve different claims because, in the federal case, he seeks a declaration that Pipelining is a continuation or alter ego of USSD, whereas, in the state court case, he seeks an equitable accounting of USSD, judicial dissolution of USSD, and access to the books and records of USSD.

"The rule against splitting causes of actions is designed to prevent a multiplicity of suits." *Brody Constr., Inc. v. Fabri-Built Structures, Inc.*, 322 So. 2d 61, 63 (Fla. 4th DCA 1975). The

Florida Supreme Court explained:

> The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, without the consent of the defendant. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause. This rule is founded on the plainest and most substantial justice--namely, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits. If the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious. The rule against splitting causes of action is closely related to the doctrine of res judicata in this respect.

*Mims v. Reid*, 98 So. 2d 498, 500-01 (Fla. 1957).

The Court has compared the allegations contained in this suit to those contained in the state court action, and concludes that the doctrine against splitting causes of actions warrants dismissal of this suit.  Before filing this suit, Plaintiff first sued Coddington and USSD in state court, concerning the parties' dispute over the ownership of USSD.  Plaintiff next filed this federal suit, based on the same dispute, and alleging that Pipelining is a mere continuation or alter ego of USSD.  Although Pipelining and USSD are different party defendants, Plaintiff seeks a declaration that Pipelining is a mere continuation of USSD, and alleges that they are essentially the same entity.  Plaintiff has failed to demonstrate how the allegations contained in the suits are different.  At most, it appears that Plaintiff is seeking different remedies in each suit.  Plaintiff has not explained why he cannot obtain the remedy he seeks here–a declaration under Florida state law–in the state court action.  This is precisely the circumstance in which the rule against splitting causes of action applies.

### III.     Conclusion

For the reasons stated, the Motion to Dismiss the Complaint filed by Defendants Coddington and Pipelining (Dkt. 6) is **GRANTED**.  The motion to stay is **DENIED AS MOOT**.  The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record